# NITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD J. BARKES, JR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 19-cv-1191-MMM |
| ) | |
| **STEVEN MEEKS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se,* files an amended complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## ALLEGATIONS

Plaintiff alleged that on January 15, 2019, while at the Menard Correctional Center, he was placed on a nine-week regimen of Klonopin, an anti-anxiety medication. Plaintiff was subsequently transferred to Pontiac and, on March 17, 2009, Defendant Dr. Matthews prescribed Klonopin 1 mg daily for six months. Plaintiff alleges that, for the next 10 years, he was

1

maintained on Klonopin despite the Defendant psychiatrists' and psychologists' knowledge of the risk of serious side effects, including addiction, dementia, brain damage, nervous system damage, seizures, and severe tremors and shaking.  Plaintiff alleges that after years on the drug, he developed all of these symptoms as well as a life-altering social anxiety.

The Court had conducted a merit review of Plaintiff's initial complaint.  There, it allowed the allegations of Count I to proceed on the claims that Defendant Drs. Matthews, Dempsey, McCormick, Sangster, Puga and Basu were deliberately indifferent in maintaining Plaintiff on Klonopin for an excessive amount of time, failing to adequately monitor Plaintiff, and failing to provide treatment plans for the anxiety, and for the Klonopin addiction.

The Court also allowed Plaintiff to proceed on his Count III against Defendant Wexford for refusing to allow his referral to a neurologist even through it had been recommended by Nurse Practitioner Sarah Mara, in response to Plaintiff's complaints of dementia, seizures, uncontrollable shaking, and possible brain damage.  Plaintiff realleges this in his amended complaint, stating a colorable claim that Wexford had an unconstitutional policy of denying referrals to outside specialists and that this policy caused him injury.  This claim will, once again, be allowed to go forward.

The Court, however, denied the allegations of Count II, with leave to replead.  In Count II, Plaintiff had pled that Steven Meeks, the Medical Director of the Illinois Department of Corrections ("IDOC"), and those individuals who preceded him in office, John Does #1 and #2, acted with Defendant Wexford to limit the formulary medications which could be prescribed to prisoners.  Plaintiff claims that the lack of alternative anti-anxiety medications in the formulary lead to the over-prescription of Klonopin.  Plaintiff did not assert, however, that Klonopin was the only anti-anxiety medication in the formulary, or that Defendants were required to prescribe

it. The mere fact that Defendants Meeks or Wexford authorized Klonopin to be included in the formulary did not make them liable for the healthcare providers allegedly over-prescribing it. This is so, as § 1983 limits liability to public employees "for their own misdeeds, and not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009).

Plaintiff repleads this in the amended complaint, asserting only that Defendants Meeks and Wexford had a long-standing policy or practice of over-promoting the use of Klonopin. Plaintiff pleads no facts to support that either Defendant promoted such a policy or influenced the providers to prescribe Klonopin to the exclusion of other anti-anxiety medications in the formulary. It appears, therefore, that the decision to use Klonopin is attributable to Plaintiff's healthcare providers rather than Defendants Meeks or Wexford. This claim is, again, DISMISSED.

In Count II of his initial complaint, Plaintiff had further alleged that Defendants Meeks and Wexford had failed to hire enough staff to adequately monitor Plaintiff's mental and neurological status. The Court noted in its prior order that Plaintiff had been treated by six different mental health providers and did not plead facts to support that, had more providers been available, he would have received better or different treatment. In his amended complaint, Plaintiff asserts that due to the lack of mental health staff, he was seen only once every six months for ten minutes at a time, and this continued over the entire ten years he was on Klonopin. Here, Plaintiff states a colorable claim that such paucity of treatment, allegedly caused by a policy of inadequate staffing, constituted deliberate indifference. Plaintiff offers nothing, however, to support that Defendant Meeks had any responsibility for Wexford staffing practices. As a result, this claim will go forward as to Wexford, only.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed, as previously found, on the claims that Defendants Matthews, Dempsey, McCormick, Sangster, Puga and Basu were deliberately indifferent in maintaining Plaintiff on Klonopin for an excessive amount of time, failing to adequately monitor Plaintiff and failing to provide him a treatment plan for his anxiety and for his Klonopin addiction. It shall also proceed on the claim that Defendant Wexford established an unconstitutional policy or practice of denying outside referrals, and not providing adequate staffing to oversee Plaintiff's care. The claims that Defendant Medical Director Meeks, John Does #1 and #2 and Wexford established a policy to over-promote the use of Klonopin is DISMISSED. Defendant Meeks and John Does #1 and #2 are DISMISSED. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk had previously sent waivers of service to Defendants Matthews, Dempsey, McCormick, Sangster, Puga and Basu. Defendants Matthews and Dempsey have returned signed waivers and Attorney Andrew Ramage has entered an appearance on their behalf. Defendants McCormick, Sangster, Puga and Basu have not returned waivers and it is unclear whether Mr. Ramage represents them as well. Attorney Ramage is to file a response, captioned as a Notice of Compliance, within 14 days advising the Court as to this issue.

4/20/2020
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE